[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12128
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00038-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN SANTANA RAMIREZ,
a.k.a. Julian Carrera Preciado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Julian Santana Ramirez appeals his $1000 fine, imposed below the

applicable guideline range, after pleading guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Ramirez argues that the district court committed plain error because the record provides no justification for the fine. Ramirez contends that he cannot currently repay the fine and that it will impose a large burden on him and his family.

Where, as here, the defendant fails to object to the imposition of a fine at the sentencing hearing, we review the district court's judgment for plain error. United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998).

The Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). "It is clear from section 5E1.2 that the burden is on the defendant to prove an inability to pay the fine." Hernandez, 160 F.3d at 665. When deciding whether to impose a fine, the district court considers the 18 U.S.C. § 3553(a) sentencing factors, as well as the defendant's income, earning capacity, and financial resources. 18 U.S.C. § 3572(a), (a)(1). The court also can consider the burden the fine will impose on the defendant and his dependents. Id. § 3572(a)(2).

The district court is not required to make specific findings regarding the factors as long as the record reflects that the court considered the factors in

2

imposing the fine. Hernandez, 160 F.3d at 665-66. Where a party fails to object to a fine, the district court has "no notice of the need to make further findings" and as a result, "there is nothing in the record to guide us in our review of the court's judgment." Id. at 666. Had Ramirez objected, "the district court could have addressed more specifically on the record its reasons for imposing the fine." Id.

We find no plain error here. First, the PSI stated that Ramirez may be able to pay a fine lower than the guideline range of $7500 to $75,000, and Ramirez did not object to this finding. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (noting that failure to object to facts in the PSI "admits those facts for sentencing purposes" and precludes a later argument that the district court erred). Second, although the district court did not discuss Ramirez's ability to pay or the basis for imposing the fine, the court had no notice of a need to do so. See Hernandez, 160 F.3d at 665-66. Third, even considering the merits of Ramirez's argument, we find no error in the district court's conclusion that Ramirez could pay $1000, given that he had previously paid a fine of $1554, had income of several hundred dollars per week before his arrest, had owned a store in Mexico, and had paid at least several hundred dollars to get into the United States.

AFFIRMED.